UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

    Plaintiff,

v.                                                    Case No.:   2:18-cv-814-FtM-29MRM

UNITED STATES VETERANS
ADMINISTRATION, DENISE ALLEN,
REBECCA KUPUSTA, KRISTEN
KANNER and DONALD SAWYER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff Jamaal Ali Bilal's Application to Proceed in District Court Without Prepaying Fees or Costs, construed as a Motion to Proceed *In Forma Pauperis*. (Doc. 2). The Court previously reviewed Plaintiff's Complaint (Doc. 1) and Application of Indigency (Doc. 2). However, because Plaintiff failed to comply with Fed. R. Civ. P. 8, the Court required Plaintiff to file an Amended Complaint. (Doc. 7 at 6). Plaintiff filed an Amended Complaint on March 11, 2019. (Doc. 13). The Undersigned again considers whether Plaintiff should be permitted to proceed *in forma pauperis*.

By way of background, Plaintiff filed a two-count Complaint, alleging violations of the Federal Tort Claim Act ("FTCA") by the Veterans Administration ("VA"). (Doc. 1 at 1-4). In its prior Order, the Court found that as to Count I, "Exhaustion of FTCA Claims," Plaintiff failed to provide a factual basis demonstrating that he is entitled to relief under the FTCA, 28 U.S.C. § 1346(b)(1). (Doc. 7 at 3-4). The Court found that Plaintiff's allegations, which arose from the VA's alleged cancellations of an unknown type of medical appointment, did not amount to a cognizable claim in federal court. (*See* Doc. 7 at 3).

As to Count II, "Negligent Performance of Undertaking to Render Services to Veteran Civilly Detained in Mental Hospital," Plaintiff alleged that the VA failed to transport him to a scheduled dental appointment and that this failure also violated the FTCA. (Doc. 1 at 2-3). The Court found that Count II failed for the same reasons that Count I did. (Doc. 7 at 4). Moreover, the Court noted that to the extent this was a claimed violation of the FTCA, Plaintiff had failed to demonstrate that he had exhausted his administrative remedies as required by 28 U.S.C. § 2675(a). (*Id.* at 5). In light of these deficiencies, the Court ordered Plaintiff to file an Amended Complaint that complied with Fed. R. Civ. P. 8. (*Id.* at 6).

The Undersigned has now reviewed the Amended Complaint (Doc. 13) and recommends that Plaintiff's request to proceed *in forma pauperis* be denied. In addition to reasserting the claims made in the original complaint, Plaintiff asserts several additional Counts. Some of the new "Counts" are in actuality simply additional arguments related to his overarching claim that the VA has failed to transport Plaintiff to medical appointments or to "accommodate" Plaintiff regarding medical appointments. (*See id.* at 7-17). The Undersigned notes that in Count II of the Amended Complaint, Plaintiff moves for class certification. (*Id.* at 5). In Count VI, Plaintiff states that "he and all other FCCC veterans with Honorable Discharges are supposed to be placed, treated, and handled by VA Medical Centers, VA Outpatient Units or other VA housing placement instead of the FCCC even if we suffer from sexual deviant mental abnormalities" and therefore "seeks a mandamus to compel by order the U.S. Department of Veteran Affairs to mandate the placement of all Honorable Discharged FCCC veterans, such as plaintiff, with a VA Medical Center." (*Id.* at 15, 18).

28 U.S.C. § 1915 requires the Court to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the

2

complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While *pro se* complaints are held to a less stringent standard than pleadings drafted by attorneys, *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976),[1] a petition is considered to be frivolous when it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Moreover, Fed. R. Civ. P. 8(a), requires that a pleading contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).

As a preliminary matter, the Undersigned notes that this Court previously adopted a filing injunction originally entered in a Northern District of Florida civil action initiated by this Plaintiff. *See Bilal v. Kearney*, No. 2:02-cv-421-JES-CM, Doc. 21. The filing injunction adopted by this Court requires that Plaintiff "credibly allege[] that he is in imminent danger of serious physical injury" in order to proceed *in forma pauperis*. *Bilal*, No. 2:02-cv-421-FtM-29SPC, Doc. 21-3 at 2. In adopting the filing injunction, this Court ordered Plaintiff to "comply with [the] terms of the injunction entered in Case No. 3:99cv456-LAC-SMN when filing any future pleadings in this Court." *Bilal*, No. 2:02-cv-421-FtM-29SPC, Doc. 21 at 4.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

More recently, this Court relied on the filing injunction to deny Plaintiff's request to proceed *in forma pauperis*. *Bilal v. Cicco*, No. 2:18-cv-381-JES-CM, Doc. 7 at 1-3 (taking judicial notice of same filing injunction and concluding that Plaintiff failed to "credibly allege[] that he [was] in imminent danger of serious physical injury"). In that action, Plaintiff alleged that the defendants were "violating his civil rights by denying him his free choice to obtain health care from the VA Medical Center under the Veterans Access, Choice, and Accountability Act of 2014, 38 U.S.C. § 101, *et seq.*" *Id.* at 2. On February 6, 2019, the Eleventh Circuit approved this Court's denial of Plaintiff's request to proceed *in forma pauperis*. *Bilal v. Cicco*, No. 2:18-cv-381-JES-CM, Doc. 25 at 2-3.

Here, Plaintiff alleges that he suffers from certain medical conditions. (Doc. 13 at 13).[2] While he asserts that the VA has failed to transport him to medical appointments, it is not apparent from either Plaintiff's allegations or the attachments to the Complaints what type of medical appointments the VA allegedly failed to transport him to. In its prior Order, the Court noted this same ambiguity, (Doc. 7 at 3), and the Amended Complaint does little to clarify what type of appointment Plaintiff missed. Rather than explain in the Amended Complaint what type of appointment was missed, Plaintiff simply refers the Court to "copies of previous appointment letters that show dates of such appointments and are attached as Exhibit D." (Doc. 13 at 14). The Undersigned has reviewed the attachments to the Amended Complaint and has found a letter labeled "Appointment Confirmation" for a medical appointment scheduled for October 15, 2018, but it is not immediately apparent from the document what type of medical appointment was scheduled. (Doc. 13-1 at 12). Additionally, while Plaintiff claims that the FCCC does not have

---

[2] These conditions include: a torn meniscus, a torn bicep, prostate issues, angina, arthritis, PTSD, VA-related dental trauma, and high blood pressure. (*Id.*).

4

a license to treat his ailments, he does indicate that he has received medical care. (Doc. 13 at 13 n.2). Thus, he is not being denied medical treatment and has not "credibly alleged that he is in imminent danger of serious physical injury."

Moreover, the Undersigned concludes that Plaintiff has again failed to comply with the requirements of Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B) by failing to provide a factual basis demonstrating that he is entitled to relief under the FTCA, which creates a cause of action "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff has again failed to establish a cause of action under the FTCA in that he has not shown that he has suffered "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). More specifically, Plaintiff's Amended Complaint contains statements reflecting that he is receiving medical care, and he has not alleged facts showing that he has suffered injury as a result of his missed appointments.

In light of Plaintiff's failure to show that he is in imminent danger of serious physical injury or that he has suffered "injury or loss of property, or personal injury or death caused by [a] negligent or wrongful act or omission" of a Government employee, the Undersigned concludes that Plaintiff has failed to comply with the requirements of the injunction and with Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B).

Accordingly, **IT IS RESPECTFULLY RECOMMENDED** that:

1) The Court again take judicial notice of the filing injunction originally entered in Northern District of Florida Case No. 3:99-cv-456-LAC-SMN;

2) Plaintiff again be ordered to comply with the terms of that injunction; and

3) The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), construed as a Motion to Proceed *In Forma Pauperis*, be denied and that this case be dismissed pursuant to 28 U.S.C. § 1915.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 25, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties