UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL fka John L.
Burton, aka Superman,

    Plaintiff,

v.                                Case No: 2:18-cv-814-FtM-29MRM

UNITED STATES VETERANS
ADMINISTRATION, DENISE
ALLEN, FCCC Medical
Administrator, REBECCA
KUPUSTA, DCF Secretary,
KRISTEN KANNER, DCF
Secretary, and DONALD
SAWYER,

    Defendants.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #14), filed April 25, 2019, recommending that the Court take judicial notice of the Northern District of Florida injunction, plaintiff be ordered to comply with the terms of the injunction, and that plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) to proceed *in forma pauperis* be denied. Plaintiff filed a Handwritten Motion for Relief of Order (Doc. #15) and Amended Motion for Clarification/Motion for Appointment and/or Recruitment of Counsel to Handle Class Action

Allegations/Partial Response to Report & Recommendation (Doc. #16).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

Plaintiff objects that his Second Amended Complaint was not considered, and seeks confirmation that the Court received and considered the correct document. The docket reflects the filing, and the Report and Recommendation specifically referenced the

Second Amended Federal Tort Claim (FTCA) Complaint (Doc. #13). This objection is overruled.

Plaintiff objects that the Magistrate Judge erred by failing to find that the failure to transport plaintiff to his VA appointments violates the FTCA. Plaintiff disagrees with the assessment that since he is receiving medical attention at the FCCC, travel outside to the VA is not required. The cases cited by plaintiff do not support his position or his arguments as he is well aware.

> There is no federal constitutional or statutory right for a veteran, who has been involuntarily committed to a state facility pursuant to a state civil commitment proceeding, to be placed at a VA facility. Title 38 U.S.C. § 5501 does not create such a right; it simply authorizes the Secretary of Veterans Affairs to initiate a federal commitment proceeding against an incompetent veteran. Petitioner's passing references to 38 U.S.C. § 1712A, and "the Veteran Access to Healthcare Act of 2014" are also unavailing, as neither creates a federal right for a veteran involuntarily committed to a state institution under state law to be transferred to a VA facility.

Bilal v. Carroll, No. 3:14CV331/MCR, 2015 WL 3620552, at *5 (N.D. Fla. May 6, 2015), report and recommendation adopted, No. 3:14CV331/MCR/CJK, 2015 WL 3622523 (N.D. Fla. June 9, 2015). The objection is overruled.

Plaintiff also takes issue with the denial of an appointment of counsel because he is trying to represent a class of veterans.

Although plaintiff asserts that over 200 veterans are at the FCCC, this does not mean that any of them wish to join the lawsuit. Plaintiff seeks an appointment of counsel because he is not qualified to represent a class. The case has no merit, and therefore an appointment of counsel would not be appropriate. The objection is overruled.

Plaintiff attached a Fact Sheet for "Examinations for Incarcerated Veterans", however plaintiff is not incarcerated. See Pesci v. Budz, 730 F.3d 1291, 1292 (11th Cir. 2013) (FCCC residents are not prisoners, they are civil detainees who have already served their terms of incarceration). Plaintiff was civilly committed. The objection is overruled.

Lastly, plaintiff objects that the Magistrate Judge erred in relying on the injunction against filing imposed by the Northern District of Florida. Plaintiff argues that the Eleventh Circuit vacated the application of the injunction in another case because the injunction could not reasonably be interpreted to broadly encompass to a Middle District case. See Bilal v. Fennick, 740 F. App'x 705 (11th Cir. 2018). The Magistrate Judge cited to the Eleventh Circuit's Order in a case denying *in forma pauperis* on appeal and approving application of the injunction. (Bilal v. Cicco, 2:18-cv-381-FTM-29CM, Doc. #25.) However, on April 25, 2019, upon reconsideration, the Eleventh Circuit granted

reconsideration finding a meritorious request to proceed *in forma pauperis* on appeal. (Id., Doc. #26.) The Court finds that the injunction has not been independently reviewed for application within the Middle District of Florida, and therefore application to this case was inappropriate. The objection to its application will be sustained.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #14) is hereby **adopted** to the extent that the Court agrees that plaintiff failed to state a claim, and the Second Amended Federal Tort Claim (FTCA) Complaint (Doc. #13) is **dismissed** without prejudice. The Magistrate Judge's Application of the injunction from the Northern District of Florida is rejected.

2. Plaintiff's Handwritten Motion for Relief of Order (Doc. #15) and Amended Motion for Clarification/Motion for Appointment and/or Recruitment of Counsel to Handle Class Action Allegations/Partial Response to Report & Recommendation (Doc. #16), construed as objections to the Report and Recommendation are **overruled** except as to the injunction, which objection is **sustained**.

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) to proceed *in forma pauperis* is **denied**. The Clerk shall enter judgment dismissing the case without prejudice, terminate all deadlines and motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record